C. A. STEVENS v. SIBBETT ET AL.

[FILED MARCH 24, 1891.]

Contract: ASSIGNMENT: SPECIFIC PERFORMANCE: AMENDMENT. One S., having a contract with F. for certain real estate, sold a portion of the same to one Stevens, and executed a contract containing the terms of sale. This sale to Stevens, it is alleged, was made with the knowledge and consent of F. Afterwards, Stevens discovered that S. was not the owner of the land, but held a contract of purchase from F., which contract, it is alleged, Stevens offered to comply with. In an action by Stevens against S. and F. to enforce the contract of F., Stevens, during the pendency of the action, acquired the entire interest of S. in the contract, and pleaded such facts in the amended petition. *Held*, That as the action against F. could only be brought on his contract as an entirety, the transfer of the interest of S. to Stevens was not a new cause of action, but merely an assignment by a party to the suit of the entire cause of action to Stevens.

ERROR to the district court for Butler county. Tried below before POST, J.

*A. Hardy*, and *S. H. Steele*, for plaintiff in error, cited, as to waiver by pleading over and appeal : *Pottinger v. Garrison*, 3 Neb., 223 ; *Farrar v. Triplett*, 7 Id., 237 ; *Mulhollan v. Scoggin*, 8 Id., 202 ; *Irwin v. Nuckolls*, 3 Id., 441 ; *People v. R. Co.*, 39 How. Pr. [N. Y.], 51 ; *Goodrich v. Omaha*, 11 Neb., 204. As to amendment : *Mills v. Miller*, 3 Neb., 87 ; *Hammond v. R. Co.*, 49 Ia., 450 ; *Hays v. Turner*, 23 Id., 214 ; *Seevers v. Hamilton*, 11 Id., 66 ; *Williams v. Miller*, 10 Id., 344 ; *Busch v. Hagenrick*, 10 Neb., 415.

*Marquett, Deweese & Hall, contra*, cited, contending that a new cause of action could not be set up by amendment : *Shinners v. Brill*, 38 Wis., 648 ; *Clarke v. R. Co.*, 5 Neb., 318–19 ; *Frickett v. Cohu*, 1 N. Y. Sup., 436 ; *State v. Turner*, 96 N. C., 416 ; *Norris v. Pollard*, 75 Ga., 358 ; *Pfeiffer v. Hunt*, Id., 513 ; *Sturges v. Botts*, 24 Mo. App., 282 ; *Hammond v. Place*, Harr. [Mich.], 438 ; *Givens v. Wheeler*, 6 Col., 149 ; *Woodruff v. Dickie*, 5 Rob. [N. Y.], 620 ; *Dows v. Green*, 3 How. Pr. [N. Y.], 377 ; *Sheldon v. Adams*, 27 Id., 182 ; *Lottman v. Barnett*, 62 Mo., 170 ; *Lackner v. Turnbull*, 7 Wis., 95 ; *Newton v. Allis*, 16 Id., 210 ; *Sweet v. Mitchell*, 15 Id., 709 ; *Larkin v. Noonan*, 19 Id., 93 ; *Stevens v. Brooks*, 23 Id., 199 ; *Board Supervisors v. Decker*, 34 Id., 380.

MAXWELL J.

On the 15th of April, 1885, the plaintiff filed a petition in the district court of Butler county, in which he alleged :

"That on the 4th day of September, A. D. 1882 at Butler Co., Neb., the said defendant Thomas Fox, Sr., made, executed, and delivered to the defendant R. M. Sibbett, a

bond for a deed for 520 acres of land, situate, lying and being in Butler Co., Neb., described as follows, to-wit: The S. E. ¼ of section 20; the E. ½ of the S. W. ¼ of section 20; the S. W. ¼ of section 16; the S. ½ of the N. W. ¼ of section 16, and the S. W. ¼ of the S. E. ¼ of section 16; all in town. 14 in range 3 east, and ostensibly sold said lands to the said R. M. Sibbett upon the terms herein stated. Said bond was duly filed for record in the office of the county clerk of said Butler Co., on the 7th day of April, A. D. 1885.

"That said Fox, when he made and delivered said bond, well knew that the defendant Sibbett was insolvent and irresponsible, and that the said Fox executed said bond for the purpose and with the understanding that said Sibbett should sell said lands or a large portion thereof, and out of the proceeds of such sale pay said Fox therefor, and with this understanding and agreement by and between the parties to said bond, they, for the purpose of having said Fox execute a deed or deeds to such portions of said land as said Sibbett should sell, by mutual agreement did not put said bond upon record as notice of their transactions, nor was the same put upon record until about the time of the commencement of this action, when plaintiff obtained one of the duplicates of said bond and put the same upon record.

" That for the purpose aforesaid, and with the agreement and understanding aforesaid said Fox executed and delivered said bond to said Sibbett upon the payment of the sum of $220 and no more, and plaintiff avers that in and by the transactions aforesaid it was the intent and purpose of said Fox to make said Sibbett his agent to sell said lands for him, and he (said Fox) to deed the land when sold, and this plaintiff avers that said Sibbett was the agent of said Fox for the purpose as aforesaid.

" 2d. That on the 8th day of September, A. D. 1882, the defendant R. M. Sibbett, with the full knowledge and consent of the defendant Thomas Fox, Sr., sold a part of said

land, to-wit, the S. W. ¼ of section 16, the S. ½ of the N. W. ¼ of section 16, and the S. W. ¼ of the S. E. ¼ of section 16, all in town 14, in range 3 east, to this plaintiff, made and executed and delivered to this plaintiff a bond for a deed for said land for the price and upon the terms named in said last mentioned bond.   That said bond was duly filed for record and recorded in the office of the county clerk of said Butler county, Nebr., on the first day of December, A. D. 1882, in book 13 of deeds, on page 464.

"3d.  That at the same time said Sibbett executed said bond to this plaintiff as aforesaid, the said Sibbett, with the full knowledge and consent of, and in the presence of the defendant Thomas Fox, Sr., made, executed, and delivered to this plaintiff a written lease for the term of five years of the following real estate, to-wit, the S. E. ¼ of section 20, and the E. ½ of the S. W. ¼ of section 20, all in town 14 north, of range 3 east, in Butler county, Neb., the same being a part of the land described in bond from Fox to Sibbett aforesaid, and actually occupied and resided upon by said Thomas Fox, Sr., and the said Thomas Fox, Sr., then and at the time of the making said lease by said Sibbett to this plaintiff, agreed with and promised this plaintiff that he, the said Fox, would give this plaintiff possession of the said leased premises and the premises conveyed to plaintiff by the bond of said Sibbett by the 1st day of March, 1883, and the said agreement by the said Thomas Fox, Sr., was a part of the consideration for which this plaintiff paid the sum of $1,200.00 as hereinafter stated.

" 4th.  That at the time of his purchase and leasing of said lands from said R. M. Sibbett, and as an inducement thereto, the said R. M. Sibbett represented to this plaintiff in the presence and hearing of the defendant Thomas Fox, Sr., that he, Sibbett, was the absolute owner of and had good right to sell and convey all the lands mentioned in 'Exhibit A,' hereto attached and before referred to, or to lease

the same. And this plaintiff, relying on said representations, and believing them to be true was induced thereby to purchase and take a bond for a deed from said Sibbett for the land described in 'Exhibit B' hereto attached, and to lease the other land heretofore mentioned, and to pay to the said Sibbett as the cash payment on the land purchased the sum of $1,200.00, and agreed to pay the balance of the purchase price of said premises in the manner stated, and at the terms mentioned in said bond for a deed, of all of which facts and circumstances the defendant Thomas Fox, Sr., had full knowledge at and before the time of the payment of the said $1,200.00; that said Fox was present and knew the terms and conditions of the bond from Sibbett to plaintiff before and when the same was executed, and knew that plaintiff had agreed to purchase said lands, and to pay $1,200.00 as a cash payment thereon, and knew that he did pay thereon in cash the sum of $1,200.00, and acquiesced therein and consented thereto.

" 5th. That forty acres of the land described in both of the bonds hereinbefore mentioned, to-wit, the S. W. ¼ of the S. E. ¼ of section 16, did not at the time of the making of said bonds belong to either of the defendants, but did in fact belong to the state of Nebraska, being school land and still unsold.

" 6th. That 80 acres of the land mentioned and described in both of said bonds, to-wit, the S. ½ of the N. W. ¼ of section 16, at the time of the making of said bonds and now belongs to and is the property of Thomas Fox, Jr.; but plaintiff alleges that at the time of the transaction aforesaid the said Thomas Fox, Sr., was the agent of the defendant Thomas Fox, Jr., and was duly authorized to sell and convey the said premises, and that the said Thomas Fox, Jr., has fully satisfied and confirmed all of the acts of his said agent in the premises, and that he had full knowledge of all the dealings and transactions aforesaid between said Thomas Fox, Sr., and the plaintiff herein,

and by and between said Thomas Fox, Sr., and the defendant R. M. Sibbett.

"7th. That the defendant Thomas Fox, Sr., was the owner of all of the land described in both of the bonds heretofore mentioned, except the 80 acres belonging to Thomas Fox, Jr., and the 40 acres belonging to the state of Nebraska, and had good right and lawful authority to sell and convey the same.

."8th. That on the 1st day of March, 1883, he duly tendered to the defendant R. M. Sibbett and Thomas Fox, Sr., and offered to pay them, or either of them, the sum of $186, being the only amount then or now due by the terms of the said bond made and executed to this plaintiff, and offered to execute the note and mortgage provided for in said bond, and requested them and each of them to convey said premises, to plaintiff, according to the terms of the bond aforesaid, but the defendant Thomas Fox, Sr., refused to convey said premises and refused to give possesion of said premises and this plaintiff then learned that the defendant R. M. Sibbett had no title to said lands to convey, and plaintiff alleges that he has at all times been ready to comply with his agreement and bond, and to pay all sums due and perform all conditions thereof, and he now brings the whole amount due upon said bond, to-wit,$ ——, into court and offers the same to said defendants, and offers to make his mortgage and note securing the money not yet due as provided in said agreement or bond, and offers them to defendant upon their executing and delivering to him a sufficient conveyance of said premises according to the terms of said bond, and that defendant Thomas Fox, Sr., has had the use of said land ever since the making of said contracts, and that said use was worth $2,000.

"Therefore the plaintiff prays that said defendants be required to receive the money due upon said bond made by defendant Sibbett to this plaintiff, and to execute and deliver to this plaintiff a deed of conveyance of all of the

lands described in said bond to this plaintiff, except the forty acres belonging to the state of Nebraska, with covenants of general warranty.

"Or that the plaintiff have and recover a judgment against the defendants for the said sum of $1,200, with interest thereon from September 8, 1882, and that the same be decreed to be a lien upon all of said land not owned by the state of Nebraska, and for such other further or different order or relief as to this court shall seem equitable, just, and proper, and for costs."

In June, 1886, the cause came on for trial and Sibbett was granted leave to file a separate answer. Fox thereupon objected to the introduction of any evidence because the petition did not state a cause of action. The objection was sustained, whereupon the plaintiff obtained leave to file an amended petition within sixty days, and Sibbett and Fox were permitted to answer within thirty days thereafter.

An amended petition was filed, the fourth paragraph of which is as follows:

"That the said R. M. Sibbett, on the 18th day of August, 1886, assigned to this plaintiff all his right, title, and interest in and to the said contract and bond described in 'Exhibit A' hereto attached, and hereby conveyed to plaintiff all of his interest in and to all of the land hereinbefore described, and that plaintiff is now the owner and holder of the said 'Exhibit A,' as well as all the right, title, and interest that the said R. M. Sibbett has in and to said land."

This paragraph, on the motion of defendant Fox, was stricken out on the alleged ground that it constituted a new and different cause of action from that contained in the original petition.

The bond of Thomas Fox is as follows:

"Know all men by these presents, that I, Thomas Fox, am held and firmly bound unto R. M. Sibbett in the sum

of $9,120, for the payment of which I bind myself firmly by these presents upon the condition as follows: Whereas, Thomas Fox has agreed to sell and convey unto the said R. M. Sibbett, for the consideration of $9,120, the following described premises, to-wit: the S. E. ¼ of section 20, the E. ½ of the S. W. ¼ of section 20, the S. W. ¼ of section 16, the S. ½ of the N. W. ¼ of section 16, and the S. W. ¼ of the S. E. ¼ of section 16, all in town 14, range 3 east, containing 520 acres, and R. M. Sibbett has agreed to purchase said premises and to make payment as follows: $220 in hand paid, the receipt whereof is hereby acknowledged; $300 on the third day of December, 1882; $5,780 on the 3d day of December, 1885, with interest at eight per cent on the last named sum from date of said payment. Deed to be made on payment of the $3,000 and mortgage then given for balance of purchase money. Wherefore the condition of this obligation is such that if the above bounden Thomas Fox will convey said premises by deed of general warranty, and clear of all incumbrances, unto said R. M. Sibbett, upon payment of said consideration at the times above stipulated, then this obligation is void; otherwise to be in full force and effect. Witness my signature hereto subscribed this 3d day of September, A. D. 1882.      (Signed)                THOMAS FOX.

"Witness:

"W. H. FULLER.

"THOMAS McGOWAN.

The bond of Sibbett is as follows:

"Know all men by there presents: That I, R. M. Sibbett, of Ulysses, Butler county, Nebraska, am held and firmly bound unto Charles A. Stevens, of Kane county, Illinois, in the penal sum of $4,200, for the payment of which I bind myself firmly by these presents upon the condition as follows:

"Whereas R. M. Sibbett has agreed to sell and convey unto Charles A. Stevens, for the consideration of $4,200,

the following described premises, to-wit: The southwest quarter of section 16, the south half of the northwest quarter of section 16, and the southwest quarter of the southeast quarter of section 16, all in town 14, range 3 east, in Butler county, Nebraska, containing 280 acres, according to government survey, and Charles A. Stevens has agreed to purchase said premises and to make payment as follows: $1,200 cash in hand, the receipt of which is hereby acknowledged, and a further sum of $186 on March 1, 1883. At said last payment said R. M. Sibbett agrees to give a general warranty deed for said premises on the receipt of a mortgage from said Charles A. Stevens on said land, securing a note for $2,800, one three years after date, being eight per cent interest per annum, and dated November 25, 1882. Wherefore the condition of this obligation is such that if the above bounden R. M. Sibbett shall give a deed of general warranty and clear of all incumbrances to the said Charles A. Stevens, upon payment of said consideration, at the time above stipulated, then this obligation to be in full force and effect.

"Witness my hand and seal this 8th day of September, 1882. R. M. SIBBETT.

"Attest:

"G. W. STEVENS."

The plaintiff in his amended petition alleges "that in April, 1887, he offered to comply with the said Sibbett's contract with said Fox, and then offered to pay said Fox the balance due him thereon, and demanded a deed for all of said land, which the said Thomas Fox refused to make, and he also refused to accept said money or make said conveyance, and that this suit was commenced to enforce said contract on April 15, 1885, and this plaintiff hereby offers to execute and deliver any notes and mortgages called for by said agreement. He also alleges that he is ready to perform said contract on his part and brings the money into court for that purpose.

There are other allegations in the amended petition which need not be noticed.

The defendant Fox filed an answer setting up his defense, and the case was submitted to the court upon the pleadings. The court found the issues in favor of the defendant, and rendered a decree accordingly.

It will be observed that the plaintiff predicates his action upon the contract of Sibbett with the defendant. In effect Sibbett assigned to the plaintiff in the first instance his rights to a part of the property purchased. The plaintiff seems to have been unaware at the time of the purchase that Sibbett was not possessed of the legal title to the land.

The bond of Sibbett, however, when complied with by the plaintiff, transferred to the latter the rights of Sibbett in the land described in the second bond, and in an action to enforce the contract of the defendant, Sibbett properly should have been a co-plaintiff with the plaintiff. The action against the defendant is based upon the bond or contract of the defendant, and the right to recover, if it exist, must be derived from that contract. In effect Sibbett, soon after the making of the same, had assigned a part of the property to the plaintiff, and while the action was pending assigned his interest in the remainder to him.

This is not a new cause of action in favor of the plaintiff but simply an assignment to him of the interest of a party to the suit. This is permitted under the Code. The action could proceed against the defendant only upon his contract as an entirety, and the plaintiff evidently being aware of that fact, obtained the entire interest of the original purchaser in the contract. What that interest is is a matter for further consideration which we cannot determine in this case. The court, therefore, erred in striking out the fourth paragraph of the petition and in rendering judgment for the defendant.

The judgment of the district court is reversed, the mo-

tion striking out the fourth paragraph overruled, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.