OBED H. MYERS, APPELLANT, V. MILTON MOORE, APPELLEE.

FILED FEBRUARY 21, 1907.    No. 14,619.

1. **Real Estate Agents: CONTRACTS: SIGNATURE.** The word "subscribed" as used in section 74, ch. 73, Comp. St., 1905, relating to contracts between real estate brokers and landowners, is synonymous with the word "signed."

2. ——: ——: ——. The requirement of said section that the contract be "subscribed" by both parties is met where the signatures of the parties are placed thereon, for the purpose of authenticating and giving force and effect to the contract, whether they be placed at the bottom, the top, or in the body of the instrument.

3. **Appeal: PLEADING: AMENDMENT.** The right of a plaintiff to amend his petition on appeal to the district court is governed by substantially the same rule as that governing the right of the plaintiff to amend his petition in an action originally brought in that court; in either case the test is whether the identity of the cause of action is preserved.

4. **Cause of Action.** By the phrase "cause of action," as above used, is meant, not the formal statement of facts set forth in the petition, but the subject matter upon which the plaintiff grounds his right of recovery.

APPEAL from the district court for Harlan county: ED L. ADAMS, JUDGE. *Reversed.*

*John Everson,* for appellant.

*R. L. Keester, contra.*

ALBERT, C.

A real estate broker brought suit in the county court to recover commissions alleged to be due him under a contract in writing between himself and the owner of certain lands. In that court he alleged the making of such contract between himself and the defendant, and attached a copy of the contract to, and made the same a part of, his petition by reference. The petition contained no direct averment that the contract had been signed by the

plaintiff, and from the copy attached to the petition in that court it does not appear that the plaintiff's signature was attached to the contract in the usual way, if at all, but his name does appear at the top of one of the pages of the contract. Judgment went in favor of the plaintiff, and the defendant appealed to the district court. There the plaintiff filed a new petition, which was substantially the same as that filed in the county court, save that it contained an allegation to the effect that the plaintiff's name at the top of one page of the contract had been written there by himself and placed there as his signature to the contract. On motion of the defendant this allegation was stricken from the petition, whereupon the defendant interposed a general demurrer, which was sustained by the court. The plaintiff declined to plead over, and judgment went accordingly, and he now appeals to this court.

The contract comes within the provisions of section 74, ch. 73, Comp. St. 1905, which requires a contract for the sale of lands between a broker and the owner to be in writing and "subscribed" by both parties. The order of the district court striking the allegations with respect to plaintiff's signature to the contract is defended on two grounds, which we shall consider in their order: (1) That the allegations referred to were immaterial because, owing to the position of the plaintiff's signature to the contract, according to such allegation, it did not bring the contract within the statutory requirement that contracts of this character shall be "subscribed" by both parties. The literal meaning of the word "subscribed" is to write underneath, and the contention that the use of the word "subscribed" in the statute requires contracts of this character to be attested by the signatures of the parties written underneath the body of the contract is supported by many eminent authorities, among which are the following: *James v. Patten,* 6 N. Y. 9, 55 Am. Dec. 376; *Stone v. Marvel,* 45 N. H. 481; *Wildcat Branch v. Ball,*

32

45 Ind. 213. On the other hand, it has been held that "subscribed" means signed, without respect to whether the signature is at the bottom, in the middle, or at the beginning of the instrument. *Roberts v. Phillips,* 4 El. & Bl. (Eng.) 450; *In re Walker,* 110 Cal. 387, 42 Pac. 815, 52 Am. St. Rep. 104; *California Canneries Co. v. Scatena,* 117 Cal. 447, 49 Pac. 462. The latter class of cases, we think, are more in accord with the popular understanding of the word. In our statute of frauds (Comp. St., ch. 32) the word "subscribed" and "signed" are used interchangeably as verbal equivalents. Section 3, relating to the creation of an estate or interest in land, requires the conveyance "subscribed" by the party creating or granting the same. Section 5, relating to leases, requires the writing to be "signed" by the party making the lease. Section 8, relating to different kinds of agreements, requires the note or memorandum to be "subscribed." Section 9, relating to contracts for the sale of goods, chattels or things in action, requires the note or memorandum to be "subscribed." The only inference to be drawn from the indiscriminate use of the two words in the statute of frauds is that the word "subscribed" is not to be taken in its literal meaning, but in its popular sense as the equivalent of the word "signed." A signature placed at the top or in the body of an instrument for the purpose of authenticating it satisfies a statutory requirement that the instrument shall be signed. *Penniman v. Hartshorn,* 13 Mass. 87; *Anderson v. Wallace Lumber & Mfg. Co.,* 30 Wash. 147, 70 Pac. 247; *Wise v. Ray,* 3 G. Green (Ia.), 430; *New England D. M. & W. Co. v. Standard Worsted Co.,* 165 Mass. 328, 52 Am. St. Rep. 516; *Barry v. Coombe,* 1 Pet. (U. S.) 640; *McConnell v. Brillhart,* 17 Ill. 354; *Tingley v. Bellingham Bay Boom Co.,* 5 Wash. 644, 32 Pac. 737. Taking the word "subscribed," in the statute under consideration, in the sense of "signed," if the plaintiff's name was placed at the top of one page of the contract in question, by himself, and **for** the purpose of authenticating and giving force and

effect to the contract, he subscribed the contract within the meaning of the statute. That being true, the allegation to the effect that he had placed his name there for that purpose was a material allegation, and the order of the court striking that allegation cannot be defended on the ground that such allegation was immaterial.

The other ground upon which that order is defended is that the allegation tendered an issue that was not tendered in the county court. This ground is also untenable. The cases bearing on the question of practice involved have been so frequently reviewed by this court that to attempt to review them at length at this time would be unprofitable. The latest of these cases is *North v. Angelo*, 75 Neb. 381. The rule there deduced from the previous holdings of the court is thus stated in the first headnote: "A case must be tried in the district court upon appeal upon the issues tried in the lower court. This does not mean that no issuable fact can be pleaded in a petition in the district court that was not alleged in the bill of particulars in the lower court. If the identity of the cause of action is preserved in the petition it is sufficient." In the body of the opinion it is said: "To plead an issuable fact in the appellate court that was not pleaded in the lower court is not necessarily pleading a new cause of action, and a change in the issue presented in the petition is not subject to this objection, unless it is such a change as to amount to a new cause of action." The rule, as stated in that case, was clearly foreshadowed in *Citizens State Bank v. Pence,* 59 Neb. 579, where the court said in the body of the opinion: "The facts were pleaded with more particularity in the district court than in the court from which the appeal was prosecuted; nevertheless, the identity of the cause of action was fully preserved. The plaintiffs were not required to state their cause of action in the district court in the same language as it was set forth in the county court." The rule, as stated in the cases just cited, does not differ materially from that relating to the amendment of pleadings

in actions originally brought in the district court. With respect to the plaintiff's right to amend his petition in a case thus brought, it has been said: "So long as the court can see that the identity of the cause of action is preserved, the particular allegations of the petition may be changed, and others added, in order to cure imperfections and mistakes in the manner of stating the plaintiff's case." Maxwell, Code Pleading, p. 583. See, also, *McKeighan v. Hopkins,* 19 Neb. 33; *Carmichael v. Dolen,* 25 Neb. 335; *Stevens v. Sibbett,* 31 Neb. 612; *Mattis v. Connolly,* 45 Neb. 628.

It would seem, then, that, notwithstanding some cases which appear to hold to a stricter rule, the rule now recognized as governing the right to amend on appeal to the district court is substantially the same as that governing the right of the plaintiff to amend his petition in an action originally brought in the district court. In either case the test is whether the identity of the cause of action is preserved. And by the phrase "cause of action," as here used, is meant, not the formal statement of the facts set forth in the petition as a cause of action, but the subject matter upon which the plaintiff grounds his right of recovery. A less liberal rule would not be justified in view of the express provisions of section 1010 of the code, which require the parties, on appeal to the district court, to "proceed, in all respects, in the same manner as though the action had been originally instituted in the said court." In the case at bar, the plaintiff's cause of action in the county court was on a contract, which was incorporated into his petition as the groundwork of his action in that court. It was set forth in his petition filed in the district court, and was there made the basis of his action. The identity of the cause of action, therefore, was clearly preserved, and the motion to strike the added averments should have been overruled. As the demurrer was sustained on the theory that the lack of the averments stricken out on this motion rendered the petition vulnerable to defendant's general demurrer, it

follows that the judgment of the district court is erroneous.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.