### WHITE v. NEMOURS TRADING CORPORATION.

(District Court, D. Massachusetts. May 24, 1923.)

#### No. 1208.

1. Attachment ☞337—Sureties on bond to dissolve attachment not discharged by amendment of declaration, unless new cause of action is introduced.

The sureties on a bond to dissolve an attachment are not discharged by an amendment of the declaration, unless it introduces a new cause of action.

2. Action ☞1—"Cause of action" defined.

The "cause of action" is the legal liability arising out of the facts on which plaintiff relies.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cause of Action.]

3. Pleading ☞250—Plaintiff held entitled to amend declaration by claiming special damages as against sureties on bond given to discharge attachment.

In an action for breach of contracts, sureties on a bond given by defendant to discharge an attachment *held* not entitled to object to an amendment of the declaration which counted on the same breaches, though it alleged special damages not claimed in the original declaration.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by F. Howard White against the Nemours Trading Corporation. On motion to amend declaration. Amendment allowed.

Hurlburt, Jones & Hall, Damon E. Hall, Francis P. Garland, and Henry F. Hurlburt, Jr., all of Boston, Mass., for plaintiff.

Philip B. Buzzell, of Boston, Mass., for Webster & Atlas Nat. Bank, alleged trustee.

John L. Hall and Choate, Hall & Stewart, all of Boston, Mass., for defendant.

MORTON, District Judge. This is a motion to amend the declaration; it was made after a bond for $1,500,000 had been given to dissolve an attachment; and it is opposed by the defendant and the surety on the bond. The facts are as follows:

The plaintiff sued upon several contracts whereby the defendant agreed, as is alleged, to take and pay for certain shoes which were to be manufactured by or for the plaintiff and sold by him to the defendant. The attachment of the defendant's property on mesne process was made at the time the suit was brought. The defendant demanded a copy of the declaration and it was furnished, plaintiff's counsel stating to the defendant's that the declaration had been somewhat hastily drawn and might need amendment. The declaration, as furnished to the defendant and as filed in court, contains 13 counts based on 11 (or perhaps 12) different contracts. Each contract is set out, and the several counts contain allegations that the defendant wrongfully refused and neglected to accept and pay for the shoes. There are no allegations of special damages.

In the amended declaration, which the plaintiff moves to substitute, each contract is made the subject of a separate count; there are the same allegations as to breach by the defendant. But the new allegations further allege that by understanding and agreement between the parties the plaintiff entered into agreements with other manufacturers to make shoes to be furnished by the plaintiff to the defendant under the contracts in suit, and that these subcontracts (if they may be so called) contained to the defendant's knowledge a provision that if the defendant failed to take and pay for the shoes, in accordance with its agreement, the plaintiff should pay to the subcontractors certain sums of money in lieu of profits and for losses sustained by the defendant's failure to complete its contracts with the plaintiff. The new declaration also contains counts in common form for goods sold and delivered under each of the special contracts. Due notice of the motion to amend was given to the defendant and to the surety on the bond and both were fully heard.

[1] The principles of law applicable have been clearly stated:

"The sureties upon a bond to dissolve an attachment are not discharged by an amendment of the declaration, unless its effect is to let in a new cause of action, and thus to impose upon them a liability greater than that which they assumed by signing the bond. The original declaration may be imperfect and insufficient, but any amendment to cure such defect will not discharge a surety or release bail, unless it introduces a new cause of action. The obligation of the surety is to pay the plaintiff in the action the amount he

shall recover therein, and the surety cannot take advantage of formal defects in the declaration." Morton, C. J., Doran v. Cohen, 147 Mass. 342, at page 343, 17 N. E. 647, at page 648.

"The effect of these statutes, as interpreted by the recent decisions, is to retain the security of an attachment and of a bond given to dissolve an attachment when the judgment is for the same 'cause of action relied on by the plaintiff when the action was commenced,' even though the claim may at first have been so misdescribed as to appear to be smaller than it really was." Knowlton, J., Driscoll v. Holt, 170 Mass. 262, at page 265, 49 N. E. 309, at page 310.

In the Doran Case, above referred to, the plaintiff had sued for damages to his sailboat by a collision with the defendant steamer. At the time the bond to dissolve attachment was given the declaration alleged only damage to the boat. It was amended so as to include a claim for personal injuries sustained by the plaintiff in the collision. It was held that the amendment did not introduce a new cause of action or discharge the surety. In the Driscoll Case, supra, the plaintiff sued to recover $850, alleged to have been fraudulently obtained from her. This was the declaration at the time when the bond to dissolve attachment was given. Later the plaintiff was allowed to amend and claim $815 in money and $68 in wages surrendered, in lieu of the $850 originally stated. It was held that the amendment did not discharge the surety. In Townsend National Bank v. Jones, 151 Mass. 454, 24 N. E. 593, the original declaration was upon a single draft, which was misdescribed. Copies of four similar drafts were annexed. An amendment was allowed adding a count for each of the drafts and increasing the ad damnum. It was held that the cause of action was the same in each declaration, and a contrary finding by the trial court was set aside.

[2] These decisions seem to me decisive of the present question. The obligation of the surety is not restricted to the precise claim stated in the declaration at the time when the bond is given; it covers the "cause of action" sued on, by which is meant, I take it, the general claim which the plaintiff is making, as distinguished from the particular and perhaps incomplete statement of it contained in the declaration. Distinction between the "cause of action" (or "subject-matter of the suit," as it is sometimes called) and the statement of it in the pleadings is recognized on a variety of questions. See Myers v. Moore, 78 Neb. 448, 110 N. W. 989, 990; Van v. Madden, 132 App. Div. 535, 116 N. Y. 1115, 1117; In re Harper (D. C.) 175 Fed. 412, 421. The cause of action is the legal liability arising out of the facts on which the plaintiff relies. A new claim cannot be brought in by amendment after the bond is given; but the plaintiff may perfect and complete his statement of the original claim to whatever extent may be necessary.

[3] It was apparent, at the time when the bond was furnished, that the plaintiff was seeking to recover damages for the defendant's alleged breach of certain contracts. The amended declaration is upon the same contracts. The special damages which it claims rest apparently upon agreements subsidiary to the contracts sued upon and part of the same general transactions. This was not a new cause of action, and the amendment should be allowed.

So ordered.