## Prowell v. Brittingham

*G. Thomas Miller*, for plaintiff.

*Maurice E. Metzger*, for defendants.

*Elmer Morris* and *William W. Caldwell*, for additional defendant.

HERMAN, J., May 19, 1958.—This case comes before us by way of preliminary objections of the additional

defendant to the original defendants' complaint against him.

The additional defendant avers in his preliminary objections that defendants' complaint fails to state a cause of action against him for which relief can be granted, that defendants have a full, complete and adequate nonstatutory remedy at law against him and that he has been improperly joined as an additional defendant because he is neither alone liable, nor liable over to defendants, nor jointly or severally liable with defendants on the cause of action declared upon.

We believe that the additional defendant's preliminary objections are not well taken, and that therefore, they should be dismissed, and the joinder of the additional defendant be permitted to stand.

The problem involves the Prospect Hill Cemetery Corporation, its management, its relation to certain lot owners and the existence of the perpetual care fund for cemetery lots.

Plaintiff, A. Elizabeth Prowell, as a purported lot owner in the cemetery, brings this action in equity against W. A. Brittingham, president and present manager of the cemetery corporation, and against the corporation, alleging that she holds a deed purporting to convey to her and her husband, the latter of whom is now deceased, 50 four-grave lots, of which she now claims ownership of some 36 lots, subject to perpetual care according to law, according to the bylaws of the corporation and according to her deed. She further avers that she holds deeds purporting to convey to her eight additional lots in the said cemetery, which deeds make no reference to any perpetual care fund.

Plaintiff states that she has been unable to secure information from defendants concerning the status of her ownership of the lots or of the perpetual care fund, that defendants have sold some of her lots without

accounting to her for the proceeds, that on one occasion when she had requested the transfer, to a grantee named by her, of a particular lot to which she claims ownership, defendants transferred an entirely different lot, and one to which she did not claim ownership, that the perpetual care fund has not been maintained and that she is now unable to sell her lots because defendants insist that they will not approve the transfer unless at the time of the sale she contributes to the perpetual care fund a percentage of the proceeds of the sale.

Defendants aver that they have no knowledge of the ownership claimed by plaintiff, and that while Brittingham is now the president and manager of the cemetery corporation, is in charge of the cemetery and is purchasing all of the stock and assets of the company on an agreement, that nevertheless, Edwin I. Kraber, the additional defendant, still is the record owner of all of the stock of the corporation, was the former manager thereof and has not turned over to the present management perpetual care moneys which should have been placed in the fund, and has not paid into the fund other moneys which by articles of agreement the additional defendant promised to pay into the fund.

Defendants further aver that the additional defendant failed and neglected to turn over to defendants the proper and adequate record of lots previously sold.

Defendants, in their complaint, allege that Kraber is "at least in part, solely responsible for the matters complained of by the plaintiff," and then set forth facts which if proved would render him liable to account to plaintiff, and would show improper use of the perpetual care fund, which is in the nature of a trust.

Since July 1, 1952, the rules of civil procedure pertaining to the joinder of additional defendants have applied to equity as well as to actions at law: Pa.

R. C. P. 2251, promulgated January 4, 1952, to become effective July 1, 1952.

Pa. R. C. P. 2252(a) provides:

"In any action (now law or equity) the defendant or any additional defendant may file as of course a praecipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

Although, since the adoption of our Rules of Civil Procedure there have been many cases both in the lower and in the appellate courts dealing with the joinder of additional defendants in actions at law, none of the counsel involved has called our attention to any such cases in the equity courts, and our independent examination has revealed none.

The principle which evolves from the additional defendant cases in actions at law, however, seems to be as Goodrich-Amram Civ. Pract., §2252(a)-6, points out, that: "In determining whether a joinder is proper because based on the 'cause of action declared upon by plaintiff,' *the words will be broadly construed.*" (Italics supplied.) And further, that: "The purpose of Rule 2252 (a) is to avoid multiplicity of suits by affording original defendant the opportunity of bringing into the proceedings any other interested parties, to the end that their liability, if any, may be determined in the same proceedings, thereby the expense of the litigation is reduced and the time of the litigants and of the courts is conserved." See also Turberville v. West Penn Water Co., 60 D. & C. 557 (1947); Philadelphia, to use, v. Kelly, 78 D. & C. 445 (1951); Gaskowitz v. Contis, 102 Pitts. L. J. 17 (1953); Vinnacombe v. Philadelphia and American Stores Co., 297 Pa. 564 (1929).

What then is the cause of action declared upon by plaintiff in the instant case?

In Manning v. Newville Water Company, 111 Pa. Superior Ct. 229 (1933), at page 236, we find the following definition:

"It has been said that a right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant, and that *the facts which establish the existence of that right and that delict constitutes the cause of action.*"

It has been further said in White v. Nemours Trading Corporation, 290 Fed. 250, "the cause of action is the legal liability arising out of the facts on which the plaintiff relies." Judge Cardozo in Zenith Bathing Pavilion, Inc., v. Fair Oaks S. S. Corporation, 240 N. Y. 307, 148 N. E. 532, says: " 'Cause of action' is a phrase of varying and doubtful meaning—in some contexts importing the impairment of a legal interest or the violation of a duty; in others, the existence of a remedial right to ascertain, through the judgment of the court, whether wrong has been done or injury sustained."

We cannot agree with the additional defendant that there is not stated here a cause of action for which relief can be granted against him.

By the Act of June 16, 1836, P. L. 784, sec. 13, 17 PS §281, the courts of common pleas were given the jurisdiction and power of courts of chancery in, among other things, the supervision and control of corporations, the settlement of accounts of trustees and the care of trust moneys and property. Under the pleadings before us there seems to be no doubt that by the Act of March 18, 1909, P. L. 41, sec. 1, and the Business Corporation Law of May 5, 1933, P. L. 364, art. II, sec. 209, 15 PS §2852—209, by the cemetery company's

bylaws and in part by contract, a part of the purchase price of each lot sold was to be placed in a fund devoted to the perpetual care of the cemetery lots and grounds. It would seem that thereby a trust fund was created or at least intended, and that over this equity would have jurisdiction: 10 Am. Jur. §11.1 Supp.

As previously stated, plaintiff complains, among other matters, that she is a lot owner whose lots are subject to perpetual care, and that defendants are not maintaining the necessary fund, thereby alleging a breach of trust by defendants, the trustees, and asking for an accounting, a cause of action of which equity, of course, has jurisdiction: Peoples-Pittsburgh Trust Company v. Saupp, 320 Pa. 138. Defendant in effect says in his complaint that, for part at least of the period about which plaintiff complains, the additional defendant Kraber was the sole stockholder, president and general manager of the cemetery, and during that period *he* or the corporation then under his control was trustee of the fund concerning which there is an alleged misuse, and he should account. Equity will also lie on the theory of misfeasance of corporate officers: Keystone Guard v. Beaman, 264 Pa. 397.

If the corporation, Prospect Hill Cemetery, were not involved, and it were a question of misuse of trust funds by two individual successor trustees, there would seem to be little doubt that where an accounting of the trust funds is sought, both individuals could be joined: Gray v. Philadelphia and Reading Coal & Iron Co., 286 Pa. 11 (1926). The right to join the additional defendant here cannot be lost merely because a corporate shell exists, and the corporation has not maintained the fund when the additional defendant is still the record owner of all the stock, and was the president and manager of the corporation.

We will look beyond the corporate fiction. As stated in Pearl Assurance Company, Ltd., v. National Insur-

ance Agency, Inc., 151 Pa. Superior Ct. 146, at page 158:

" 'The fiction of a corporation as an entity distinct from the aggregate of individuals comprising it was designed to serve convenience and justice. There is consequently an exception recognized wherever the rule is known, namely, that the fiction will be disregarded and the individuals and corporation considered as identical wherever justice or public policy demand it and when the rights of innocent parties are not prejudiced thereby nor the theory of corporate entity made useless'; Tucker v. Binenstock, 310 Pa. 254, 263, 165 A. 247 . . ." citing other cases.

In Roberts v. Wharton Title and Trust Company, 43 Montg. 101, it was pointed out that "privity of contract is not necessary in an equity suit. All parties interested in any way are proper parties to the suit." Goodrich-Amram, under the section of that work on "Joinder of Parties", §2229(b)-1, points out that a very liberal system of joinder has always been allowed in equity.

It seems to us that, under the facts as alleged, the court could not do complete equity unless the additional defendant were a party. In Schwab v. Miller, 302 Pa. 507 (1931), which was a suit in equity for discovery and an accounting, the wife defendant was retained as a necessary party because, even though she might not be guilty of any fraud as alleged against the husband, she might still be liable to account. The court states, at pages 509 and 510: ". . . the decree may settle an account as between the codefendants: 1 C. J. 640. The basis for this conclusion is that where a court of equity has taken jurisdiction of a case, it 'will proceed to round out the whole circle of controversy between the parties, by deciding every contention connected with the subject-matter of the suit' ".

In Majewski v. Lempka, 321 Pa. 369 (1936), Justice Maxey in speaking of prior legislation concerning the joinder of additional defendants, which in this regard was substantially the same as the Rules of Civil Procedure, said:

"The legislation is remedial and is intended to avoid multiplicity of suits. The original defendant is given the opportunity of bringing in other interested parties to the end that their liability, if any, may be determined at the same time the original defendant's liability is adjudicated."

To the same effect is Rau v. Manko, 341 Pa. 17, (1941), and Vaughan v. Womeldorf, 366 Pa. 262, (1951).

Goodrich-Amram Civ. Pract. §2252(a)-4, aptly points out that:

"Joinder of additional parties does not affect in any way the substantive rights of the parties. It merely provides a mechanism by which the rights, if any, of the original defendant against the additional defendant can be adjudicated in the same action as that in which the rights of the plaintiff against the original defendant are adjudicated."

Our judgment that the additional defendant should be joined in this matter is further strengthened by Pennsylvania Rule of Civil Procedure 213(a), which provides, in effect, that if in this case defendant should start a separate action against the additional defendant, a joint trial would be proper, for certainly common questions of law or fact would be involved.

We conclude that defendants' complaint states a cause of action even though it also sets forth a contract under which the additional defendant had promised to perform certain acts for defendant, an action on which would be a separate and distinct cause of action; nevertheless, there are sufficient additional facts set

forth to state a cause of action in equity against the additional defendant for the misapplication of the same trust fund concerning which plaintiff's complaint complained against defendant; there does not appear to be a full, complete and adequate nonstatutory remedy at law against the additional defendant; and the additional defendant has been properly joined in this cause of action. We therefore make the following

*Order*

And now, May 19, 1958, the additional defendant's preliminary objections to defendants' complaint are hereby overruled, and the additional defendant is directed to make proper answer to defendants' complaint within the time prescribed by the equity rules.