CITY OF AUBURN *vs.* UNION WATER POWER COMPANY.

Androscoggin.    Opinion March 2, 1897.

*Tax.    Meetings.    Notice.    Officer.    Election.    Exceptions.    R. S., c. 6, § 175.*

In action of debt to recover a tax, the defendant objected to the validity of its assessment because the meeting of the city council at which the tax was levied had not been legally called.   The record showed that "the city council met pursuant to the call of the mayor."

*Held;* sufficient, it appearing that the city charter empowers the mayor to call meetings of the city council, although it does not provide who shall serve the notification to be given or that any return shall be made or preserved; also, that at an adjourned meeting the records of previous meetings were read and accepted.

Whether an assessor and collector have been duly elected by the city clerk casting the vote of the convention,—there being but one candidate for each office,—the court does not decide, because it appeared that the assessor assumed thereby that he had been elected, and if not so, held over from a regular election of the previous year; also, *held;* that whether the collector was legally elected, is immaterial in this case.

Exceptions do not lie for refusing a requested ruling that is equivalent to asking a nonsuit.

See *Union Water Power Co., Applt.* v. *City of Auburn,* ante, p 60.

ON EXCEPTIONS BY DEFENDANT.

This action was brought under the provisions of R. S., c. 6, § 175, to recover a tax of ten thousand one hundred dollars assessed against the defendant in the city of Auburn, by supplemental assessment made in the year 1894.   The sum of one hundred dollars was a tax assessed upon a lot of land known as the Ice House Lot, valued at five thousand dollars, and the sum of ten thousand dollars was a tax asssessed upon the granite dam, located in the Androscoggin River, between the cities of Lewiston and Auburn, with the appurtenances and the flowage rights connected therewith, valued at $500,000.

The writ is dated April 11, 1895, and was returnable at the September term, 1895, of this court sitting below.   At the same term, the defendant entered an appeal, under the provisions of the

statute of 1895, c. 122, from the adjudication of the assessors of the city of Auburn, refusing to abate any portion of the tax for which this action was brought. See preceding case. Both proceedings were heard by the justice presiding at the September term, 1895.

The case is stated in the opinion.

*N. W. Harris, J. A. Pulsifer, W. W. Bolster, A. R. Savage, J. W. Symonds, D. W. Snow and C. S. Cook,* for plaintiff.

(1.) Any mode by which the vote of each member is clearly and definitely ascertained for the purpose of record is sufficient. 15 Am. and Eng. Ency. p. 1038; *Brophy* v. *Hyatt,* 10 Colo. 223; Beach, Priv. Corp. § 298; Cook, Stock, etc., § 606.

The ballot cast by the hand of the clerk was the ballot of each member of the council. The clerk did not cast it as his own ballot, but in the presence and under the direction of the council as and for the ballot of each member present and participating in the proceedings. Paine, Law of Elections, § 457, citing *Clark* v. *Robinson,* 88 Ill. 498.

(2.) Acts of officers de facto are valid as to third parties.

*Hooper* v. *Goodwin,* 48 Maine, 79; *Belfast* v. *Morrill,* 65 Maine, 580; *Hutchings* v. *Van Bokkelen,* 34 Maine, 126; *Bliss* v. *Day,* 68 Maine, 201; *Hathaway* v. *Addison,* 48 Maine, 440; *Mussey* v. *White,* 3 Maine, 290; Black on Tax Titles, 341, and cases cited: *Fitchburg R. R.* v. *Grand Junc. R. R.* 1 Allen, 552; *Sudbury* v. *Heard,* 103 Mass. 543; *Elliot* v. *Willis,* 1 Allen, 461, and cases cited; *Sprague* v. *Bailey,* 19 Pick. 436.

(3.) The annual appropriation resolve was passed at an adjourned meeting. The court will presume on certiorari, that the meeting and adjournment were regularly made. *Freeholders of Hudson County* v. *State,* 24 N. J. L. 718. In absence of evidence to contrary, meeting presumed to be legally convened. *Rutherford* v. *Hamilton,* 97 Mo. 543; *Tierney* v. *Brown,* 65 Miss. 563, (7 Am. St. Rep., p. 679); *Corburn* v. *Crittenden,* 62 Miss. 125; *Brigins* v. *Chandler,* 60 Miss. 862.

There is no pretense that the records of the meeting of July 6 are not fair on their face. Vol. 2, Am. & Eng. Corp. Cases, p. 39;

*Ex parte Wolf*, 14 Nebr. Reports, 24, reported in Vol. 6, Am. & Eng. Corp. Cases, p. 153.

The presumption was and still is that the meeting was legally convened. Cooley, Taxation, 2d Ed. p. 259, says: " And where a majority have acted, the legal intendment in favor of the correctness of official action requires us to conclude that such action is the result of due meeting and consultation, or at least of a meeting duly called, at which all had an opportunity to attend, and a majority did attend. It is therefore prima facie valid, though the legal presumption in its favor may be overcome by evidence that no such meeting was called or had."

A. & E. Ency. of Law, p. 1034, says:—" And where it appears that a meeting of the body was held at which business was transacted which it only had a right to do at a legal meeting, it will be presumed, if necessary, and nothing to the contrary being shown, that all its members were present and acted," citing *State* v. *Smith*, 22 Minn. 218; *Freeholders of Hudson Co.* v. *State*, 24 N. J. L. 718.

If the mayor called the meeting, the presumption is that he has done so in the manner pointed out by the statute. The presumption is in favor of every public officer, that he performs his duty properly. *Dubuc* v. *Voss*, 19 La. 210, (92 Am. Dec. p. 526).

Court will presume that an officer has performed his duty : so held, when the record is silent as to whether a constable gave due notice of a sale by advertising it as required or not. *Culbertson* v. *Milhollin*, 22 Ind. 362, (85 Am. Dec. p. 428).

The burden is on the defendant to show that the meeting was illegal. The record of the city clerk, so far as the defense is concerned, did not necessarily settle the matter.

It is not necessary for the plaintiffs to prove the passage of the appropriation resolve by introducing the record of meeting at which it was passed. No allegation in the writ demands it. *York* v. *Goodwin*, 67 Maine, 260. In *Howe* v. *Moulton*, 87 Maine, 120, no evidence of the assessment of taxes was offered except the warrant of commitment as set forth in the case, and it was held that that was sufficient evidence. And in *Bath* v. *Whitmore*, 79 Maine,

182, the papers in collector's hands were held to be sufficient proof of legal assessment. The same thing was decided in *Norridge-wock* v. *Walker*, 71 Maine, 181.

*W. H. White*, *S. M. Carter and J. A. Morrill*, for defendant.

(1.)   Was Mr. Heath legally elected an assessor of taxes in the city of Auburn for the year 1894, and was Mr. Kinsley legally elected collector of taxes of said city for that year?

This question is an important one. Two assessors are not authorized to assess a tax or issue a warrant where a third assessor has not been qualified. *Williamsburg* v. *Lord*, 51 Maine, 599; *Machiasport* v. *Small*, 77 Maine, 109.

Assessors de facto cannot make an assessment which will sustain an action for taxes. *Dresden* v. *Goud*, 75 Maine, 298; *Orneville* v. *Palmer*, 79 Maine, 472.

If Mr. Heath was not legally elected an assessor for that year, his participation in the assessment and commitment of the taxes vitiates the assessment, and an action for the collection of the taxes cannot be maintained. *Jordan* v. *Hopkins*, 85 Maine, 159.

Was this a legal election? The members of the convention did not in any manner authorize the city clerk to cast "the vote of the convention," or any vote, for these gentlemen. We, therefore, are not called upon to discuss the question whether such action, if taken, would be the basis of a legal election. That they were respectively candidates for these offices is wholly a matter of inference. The record does show clearly, however, that not a single member of the joint convention voted for collector or for assessor; it shows that the city clerk, who was not a member of the joint convention, but simply its recording officer, cast a vote for Mr. Kinsley as collector and Mr. Heath as assessor, and the record further shows that each was declared duly elected. Under such charter provisions, this cannot be considered a legal election of such officers by the joint convention of the city council. Counsel cited:—*Foster* v. *Scarff*, 15 Ohio St. 532; Brightley, L. C. Elections, 679, 681; *Crowell* v. *Whittier*, 39 Maine, 530; 1 Dillon Mun. Corp. 4th Ed. § 282.

In *Lawrence* v. *Ingersoll*, 88 Tenn. 52, (17 Am. St. Rep. 870,) it is said: " It appears by a concurrence of text-book, judicial, senatorial, congressional and legislative authority, that the rule is settled that a majority of a definite body present and acting must vote for a candidate in order to elect him." In the case at bar, not a single vote was cast by any member of the convention for Mr. Heath or Mr. Kinsley. It is said that the city clerk cast " the vote of the convention." This statement seems an absurdity.

In public and municipal corporations and in all other elections of a public nature, every vote must be personally given. 2 Kent, 294, 295, 8th Ed. p. 344.

Where authority over a matter of personal judgment and discretion is committed to a city council, the law seems to be well settled that such authority cannot be delegated. 1 Dillon Mun. Corp., 4th Ed. § 96, and notes; *Coffin* v. *Nantucket*, 5 Cush. 269 ; *Day* v. *Green*, 4 Cush. 433 ; *Ruggles* v. *Nantucket*, 11 Cush. 433.

" When discretionary power of any kind is delegated to men by statute, the common law requires of them the personal exercise of that discretion, and will not permit them to delegate it to another to be exercised by proxy." *Taylor* v. *Griswold*, 14 N. J. L., 222, 249. Cooley, Cons. Lim. 6th Ed. 248.

(2.) Assessment invalid, meeting of city council not legally called.

" No assessment of taxes by a town or parish is legal, unless the sum assessed is raised by a vote of the voters at a meeting legally called and notified." This statute is as applicable to cities as to towns. R. S., c. 1, § 6, par. xvii; *Rockland* v. *Rockland Water Power Co.*, 82 Maine, 188.

Record should show that meeting was called in strict conformity with charter. 1 Dillon Mun. Corp. 4th Ed. § 263.

After the passage of R. S. of 1841, c. 5, §§ 6 and 7, prescribing the manner of warning town meetings and what the return on the warrant should contain, it has been uniformly held that the return must show how the meeting was warned, and that it was warned in the manner prescribed by law. *State* v. *Williams*, 25 Maine, 561; *Christ Church* v. *Woodward*, 26 Maine, 172 ; *Fossett* v.

*Bearce*, 29 Maine, 523; *Clark* v. *Wardwell*, 55 Maine, 66; *Brown* v. *Witham*, 51 Maine, 29. Unless the records of a town meeting show that the notices calling it were posted in public and conspicuous places, the proceedings are void. *Allen* v. *Archer*, 49 Maine, 346–351; *Hamilton* v. *Phipsburg*, 55 Maine, 193.

There must be in the case some record of the summons or notification which the mayor caused to be issued in calling the special meeting. Otherwise, no authority whatever would appear for holding the meeting. R. S., c. 6, § 91; *Rideout* v. *School Dist.*, 1 Allen, 232; *Sherwin* v. *Bugbee*, 17 Vt. 337; Cooley, Taxation, p. 247, citing *Moser* v. *White*, 29 Mich. 59, 60. Where the requirements of the charter or of the statute are explicit as to the manner in which a meeting shall be called or notified, the record must show a compliance with these requirements, in order to make the meeting legal and its doings valid. The statute is explicit. It says that the sum assessed must be raised by a vote of the voters at a meeting legally called and notified.

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, STROUT, JJ.

HASKELL, J. This is an action of debt by the City of Auburn and city treasurer to recover a tax assessed, in 1894, duly authorized by the mayor. The whole evidence is reported, and it therein appears, from the assessment lists and commitment thereof by warrant to the collector, that the tax sued for was due. No question is made as to the regularity and sufficiency of these documents. They, therefore, make a prima facie case, sufficient to sustain the action. *Norridgewock* v. *Walker*, 71 Maine, 181; *Howe* v. *Moulton*, 87 Maine, 120; *Bath* v. *Whitmore*, 79 Maine, 182. To overcome the apparent validity of these documents, it is necessary to show the illegality of the tax. The plaintiff introduced in evidence,—that might well have been omitted,—a copy of the records of the meeting of the city council and adjournment thereof, at which the taxes were levied. This record runs, "The City Council met pursuant to call of the Mayor," and then

specifies the business transacted, including the levy of the tax in question.

I.  Exception is taken to the refusal of the presiding justice to rule that the meeting was not legally called, and that therefore the tax was levied without authority of law.  This was not error, for it appears prima facie that the charter requirements as to the calling of the meeting had been complied with.  The record states: "Met pursuant to call of the Mayor."  The charter empowered the mayor to call the meeting by causing a "notification to be given in hand, or left at the usual dwelling-place of each member."  It does not provide who shall do it; nor that any return of the fact shall be written, made or preserved anywhere. Neither did the act relating to town meetings prior to R. S., 1841, c. 5, § 6, mention the mode of service of a town meeting warrant, and up to that time our statute was the same as the Massachusetts statute of 1787.

In Massachusetts: "That he had warned all the inhabitants of the district as the law directs" was held sufficient prima facie. *Saxton* v. *Nimms*, 14 Mass. 320.  "That he had warned the inhabitants by posting up copies" was held good.  *Thayer* v. *Stearns*, 1 Pick. 109.  "Pursuant to the warrant I have notified," "Agreeable to the within warrant," &c., "That he had notified as the law directs," were held sufficient.  *Briggs* v. *Murdock*, 13 Pick. 305.  "That he had warned the inhabitants," was held sufficient in a suit for taxes.  *Houghton* v. *Davenport*, 23 Pick. 235; *Commonwealth* v. *Shaw*, 7 Met. 52; *Rand* v. *Wilder*, 11 Cush. 294; *Commonwealth* v. *Brown*, 147 Mass. 592.  The doctrine of these cases seems to be that the notice is presumed to comply with the requirements of law from the general language of the return saying:  That the officer had warned the inhabitants agreeable to the warrant; Pursuant to the warrant; As the law directs, etc.  In *Gilmore* v. *Holt*, 4 Pick. 257, it was held that the notice of an annual town meeting was presumed to have been legal until the contrary be shown.  So in *Ford* v. *Clough*, 8 Greenl. 343, where the statute required such notice "as the town shall agree upon," it was presumed to have been such as the town agreed to.

The court distinguishes the case of *Tuttle* v. *Cary*, 7 Greenl. 426, where, under the parish act, seven days' notice was required to be posted on the outer door of the meeting house. So in *Bucksport* v. *Spofford*, 12 Maine, 490, where the return did not show the meeting had been warned, the court presumed it to have been legally done, and distinguished *Tuttle* v. *Cary* as controlled by statute.

In *State* v. *Williams*, 25 Maine, 561, considered after the act of 1841 requiring town meetings to be warned in a particular way and a return showing how the same had been done, the court held a strict compliance with the statute necessary, and that the return of the officer was the only competent evidence upon the question; and so have all the later cases. *Christ's Church* v. *Woodward*, 26 Maine, 172; *Fossett* v. *Bearce*, 29 Maine, 523; *Allen* v. *Archer*, 49 Maine, 346; *Brown* v. *Witham*, 51 Maine, 29; *Clark* v. *Wardwell*, 55 Maine, 66; *Hamilton* v. *Phipsburg*, 55 Maine, 193.

It should be noticed that the Massachusetts cases, and the Maine cases, prior to the act of 1841, recognize a presumption in favor of regularity to arise from the most general language contained in the return of the officer who served the warrant, although that seems to have been the only proper evidence to be considered on the question.

In this case the charter empowers the mayor to call special meetings by causing notifications to be given in hand, or left at the usual dwelling-place of each member. No length of notice is required. No particular person or officer is named who shall leave the notices. The mayor is to cause the notices to be given. Most likely a city clerk would be charged with the duty. He would probably make and sign the notices and either deliver them himself or see that some person, perhaps the city messenger, did so. It is his duty to keep a true record of meetings of the council. His record recites in this case, " Met pursuant to call of the Mayor." That recital may as well be held to raise a presumption of legal notice as the general language of the officers' returns in the cases above noticed, and we think it does. If he performed the service as city clerk, by direction of the mayor, it may be said that

he acted within the scope of duty, and the records of such officers are always competent evidence and presumed to be correct. *Bruce* v. *Holden*, 21 Pick. 187. Moreover, at an adjournment of the meeting the record recites, " Records of previous meetings read and accepted," a direct indorsement by the body of the statement in the previous record that the council "met pursuant to the call of the mayor," meaning on his call properly served upon each member of the city government. Precaution would recommend a written call, signed by the mayor, bearing a return showing what notification had been given, which should be recorded as a part of the records of the meeting. This method has recently been adopted by some cities, and might well be by all. But the old method that preserves no particular evidence of the call and service beside the mere recital " Met pursuant to call of the Mayor " at the head of the record of the meeting, which has very generally prevailed, we cannot say raises no presumption of legality. To hold otherwise would overturn an established usage and work irreparable mischief.

II. Exception is taken to the refusal of the presiding justice to rule that one of the assessors and the collector had not been legally elected. The evidence of their election is the city record, " The following officers, there being but one candidate, were each elected by the city clerk casting the vote of the convention, and each was declared elected." This is an irregular method of electing officers required by statute to be elected by ballot, and whether valid or not it is unnecessary to now decide, inasmuch as the assessor thereby assumed to have been elected, and if not so, held over from a regular election of the previous year. *Bath* v. *Reed*, 78 Maine, 276. Whether the collector was legally elected is immaterial here.

III. Exception is taken to the refusal of the presiding justice to rule that the action was not maintainable upon the evidence submitted, thereby showing that all the evidence reported was intended to be made a part of the exceptions. The ruling excepted to was equivalent to denying a nonsuit, to which no exception can

be taken.  The remedy is by motion.  *Bunker* v. *Gouldsboro,* 81 Maine, 195 ; *McKown* v. *Powers,* 86 Maine, 291.

*Exceptions overruled.*

*Damages to be assessed below.*