Berryman v. Childs.

---

JAMES H. BERRYMAN ET AL., APPELLANTS, v. W. L. CHILDS, APPELLEE.

FILED JUNE 5, 1915. No. 18171.

1. Appeal from Justice Court: PLEADING: STRIKING REPLY. Since the only pleading required in the county court when exercising the jurisdiction of a justice of the peace is a bill of particulars, and the reply in the district court on appeal was to new matter in the answer and was not inconsistent with the petition, it should not have been stricken.

2. Brokers: ACTION FOR COMMISSION: EXCLUSION OF EVIDENCE. A printed and written contract between an owner of land and a broker or agent for the sale of land was signed by the owner by his own hand. The signature of the broker was printed. The broker acted upon the contract. In this, an action to recover a commission for the sale of the land described in the contract, the trial court excluded the paper as not being sufficient under section

2628, Rev. St. 1913, and refused an offer to show that the land was sold by virtue of the contract. *Held*, that the rulings were erroneous.

APPEAL from the district court for Rock county: R. R. DICKSON, JUDGE. *Reversed.*

*J. H. Berryman,* for appellants.

LETTON, J.

Action by real estate brokers to recover a commission upon a sale of land made for plaintiff. The trial court directed a verdict for the defendant. From a judgment based thereon the plaintiffs appeal.

In the spring of 1911 defendant employed the plaintiffs to procure a purchaser for 172 acres of land in Rock county, and at that time signed the following contract:

"I, *W. L. Childs,* of *Carnes,* county of *Rock,* state of Nebraska, have this day given Berryman & Janney the exclusive sale or transfer of the real estate as described hereon, which is owned by me, at the agreed price *53.00 per acre* dollars. I hereby appoint and constitute said Berryman & Janney as my lawful agent, and authorize said Berryman & Janney to enter into written contract for me, on my behalf and in my name, for the sale of said real estate. I agree to make a good satisfactory deed and to give a clear abstract of title to said real estate, showing the title to be fully vested in me. In consideration of the services of Berryman & Janney in making such sale, transfer, sending me a buyer, advertising, or being instrumental in any manner, whatever, in selling or transferring said property, I agree to pay said Berryman & Janney out of the first payment a commission of *1.00 one per acre* dollars, payable at the office of said Berryman & Janney. Any change in the price or terms agreed to by me shall work no forfeiture in the commission due said agent in sale or transfer of said property. I hereby reserve the right to terminate this agency at any time after 30 days by giving 30 days' notice in writing to said agent. Receipt of a duplicate of this agreement is hereby acknowledged. *W. L. Childs,* Owner.

"Said agency accepted on above conditions. Berryman & Janney."

A full description of the land was written on the back of the paper before signing. The paper is printed, but the words in italics are written.

In the answer the defendant admits that he listed the land described for sale with plaintiffs as his agents, and that the land was sold to one Parks as alleged. Other defenses were pleaded which are not relevant to the question presented in this court. Mr. Janney testified that Mr. Childs signed the contract after he had filled the blank spaces in the printed paper, and that the name "Berryman & Janney" appearing on the lower left hand corner of the exhibit was printed thereon by the order or instruction of the firm. The contract was offered in evidence. Defendant objected to its introduction for the reason that it was incompetent and shows upon its face that it was not signed by the broker or agent who is intended to be a party to said contract. The objection was sustained. Plaintiffs then attempted to prove that the land was sold by plaintiffs to Parks by virtue of this contract, and that no commission had been paid. This testimony was also excluded. A motion to direct a verdict for the defendant was then sustained, and a verdict and judgment rendered accordingly.

The district court struck out all of the reply except a general denial, on the ground that its allegations were not within the issues tried below. The pleadings in the county court are not in the record. Since a bill of particulars of plaintiff's claim is the only pleading required by statute in an action to recover less than $200, and since the matter stricken in the reply is not inconsistent with the petition and responds to new matter in the answer, we think it should not have been stricken.

It is argued that, since the contract was executed, a recovery can be had even though it was not in writing. The rule in this state is that a broker who has sold land for another cannot recover either on the contract or upon a *quantum meruit* for the value of his services unless he

holds a written contract which satisfies the statute. *Nelson v. Webster,* 83 Neb. 169; *Clark v. Davies,* 88 Neb. 67.

We have not been favored with a brief by the appellee, but it seems apparent that the district court was of the opinion that the contract was not executed in accordance with section 2628, Rev. St. 1913: "Every contract for the sale of lands, between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent." Since the owner of the land signed the contract, the question presented is whether "the contract is * * * subscribed by * * * the broker or agent." We have held that the word "subscribed" in this section is not to be taken literally, but in its popular sense as being equivalent to the word "signed." *Myers v. Moore,* 78 Neb. 448. The name of the firm was printed under the order and direction of the plaintiffs. The courts construe such statutory requirements more or less strictly according to the nature of the instrument involved. In such documents as wills much more strictness is required than in instruments of less importance and effect.

In *Schneider v. Norris,* 2 M. & S. (Eng.) 286, an invoice was sent by the seller to the purchaser, headed: "London, October 24, 1812. Messrs. John Schneider & Co. bought of Thomas Norris & Co., agents, cotton yarn and-piece goods. No. 3, Freeman's Court, Cornhill." A list of articles with the quantities and prices followed. The whole heading of the bill was printed, except the words "Messrs. John Schneider & Co." It was held that the printed name, under the facts, was sufficient to satisfy the statute of frauds and to bind Norris & Company, which was the intention when the bill was made out. *Saunderson v. Jackson,* 2 Bos. & Pul. (Eng.) 238, and *Drury v. Young,* 58 Md. 546, 42 Am. Rep. 343, are practically to the same effect. In *In re Walker,* 110 Cal. 387, 30 L. R. A. 460, and in *Cummings v. Landes,* 140 Ia. 80, the meaning of "signature" is

discussed, and it is shown that signatures were at first usually made by the mark or cross, and that writing is not absolutely essential if the party acts upon or intends to be bound by the mark, stamp or printed name.    Where a name was stamped upon a notice of objection in an election contest proceeding which the statute required "shall be signed by the person objecting," this was held sufficient. *Bennett v. Brumfitt,* 3 L. R. C. P. (Eng.) * 28.    In 29 Am. & Eng. Ency. Law (2d ed.) 856, it is said: "A printed name upon a paper which is delivered under circumstances showing an intention to regard the printed name as the person's own will suffice, as will an entry in a book containing the owner's name at the top of the page." Where a statute provided that the summons in a civil action should be "subscribed by the plaintiff, or his attorney," the law was held to be complied with if the signature was printed or stamped.    *Barnard v. Heydrick,* 49 Barb (N. Y.) 62; *Mezchen v. More,* 54 Wis. 214; *Herrick v. Morrill,* 37 Minn. 250.

The plaintiffs having signed the contract with their printed name with intention to be bound by it, having assumed its obligations, and (assuming the fact to be according to their offer of proof) having discharged it according to its terms, are entitled to the benefit of it.

The validity of the contract was also attacked in the district court on account of the land being a homestead and the contract not being signed by Mrs. Childs.    Of course, the contract neither affected Mrs. Childs' interest in the premises nor the title to the land; but this does not interfere with the right of plaintiffs to recover a commission from Mr. Childs if they produced a buyer to whom Mr. and Mrs. Childs sold the land.

For the reasons stated, the judgment of the district court is

REVERSED.

ROSE, FAWCETT and HAMER, JJ., not sitting.