C. M. DOLLARHIDE, APPELLEE, V. J. H. JAMES, APPELLANT.

FILED FEBRUARY 16, 1922. No. 21860.

1. **Brokers:** CONTRACTS: SIGNATURES. "The requirement of said section (Rev. St. 1913, sec. 2628) that the contract be 'subscribed' by both parties is met where the signatures of the parties are placed thereon, for the purpose of authenticating and giving force and effect to the contract, whether they be placed at the bottom, the top, or in the body of the instrument." *Myers v. Moore*, 78 Neb. 448.

2. ———: Submission of Offer: Acceptance Optional. Where a broker, instead of procuring a person who is ready, able and willing to accept the terms the principal authorized him to offer at the time of his employment, procures one who makes a counter offer more or less at variance with that of his employer, the latter is at perfect liberty either to accept the proposed party upon the altered terms or to decline to do so. If he accepts, he is legally obligated to compensate the broker for the services rendered; but, if he refuses, he incurs no liability whatever, for, if he does not see fit to modify his original proposals, the broker can lay no claim to his commissions until he has furnished a purchaser who is ready, able and willing to accept the exact terms of his principal.

Appeal from the district court for Greeley county: Bayard H. Paine, Judge. *Affirmed in part, and reversed in part.*

*Lanigan & Lanigan,* for appellant.

*J. R. Swain, contra.*

Heard before Morrissey, C. J., Rose and Aldrich, JJ., Raper and Stewart, District Judges.

Aldrich, J.

This is an action at law wherein the plaintiff, C. M. Dollarhide, sued the defendant, J. H. James, to recover the sum of $810 alleged to be due as commissions for the sale of three quarter-sections of land owned by defendant in Greeley county. Two causes of action were set out in the petition. The first cause of action was based on an alleged broker's contract, dated July 18, 1918, referring to the northwest quarter of section 3, township 13, range 10, west of the sixth P. M., in Greeley county, Nebraska, the prayer of which is for judgment in the sum of $225. In the second cause of action plaintiff based his claim on an alleged broker's contract describing the west one-half of section 23, township 17, range 10, west of the sixth P. M., in Greeley county, Nebraska, and asked for judgment in the sum of $585. The verdict was for plaintiff in the sum of $779.50 on both causes of

action. A motion for new trial was overruled, and defendant brings the case to this court on appeal.

Appellant claims that the contracts set out in plaintiff's two causes of action do not comply with section 2628, Rev. St. 1913, which provides that a contract for the sale of lands between the owner thereof and a broker or agent shall be void unless the contract is in writing and subscribed by the owner of the land and the broker or agent. The requirements of section 2628, Rev. St. 1913, have been discussed and the provisions construed in the case of *Myers v. Moore,* 78 Neb. 448. It was there held: "The requirement of said section that the contract be 'subscribed' by both parties is met where the signatures of the parties are placed thereon, for the purpose of authenticating and giving force and effect to the contract, whether they be placed at the bottom, the top, or in the body of the instrument." In the instant case the plaintiff signed his name at the top of the instrument, which began as follows: "Farm for sale by C. M. Dollarhide." This signature was undoubtedly placed there for the purpose of "authenticating and giving force and effect to the contract." The provisions and requirements of the statute in this regard have been complied with. See, also, *Berryman v. Childs,* 98 Neb. 450, and *Felthauser v. Greeble,* 100 Neb. 652.

As to the first cause of action, the defense was set up that defendant, prior to July 18, 1918, had negotiated with one John C. Peterson for the sale of the land described in the contract; that it was orally agreed between plaintiff and defendant that if plaintiff sold to any one except Peterson he would receive the regular commission; that plaintiff, in violation of the terms of the oral agreement, attempted to sell the land to Peterson, but that the sale was never consummated. Plaintiff claims he had the exclusive sale of the land described in the contract until March, 1919, and that Peterson was not excepted by any oral agreement. In this he is corroborated by disinterested witnesses. The testimony

Dollarhide v. James.

of plaintiff and defendant is conflicting on the question of an exclusive contract. Defendant testified that the words "exclusive until March, 1919," were not in the instrument he signed. Plaintiff testified it was written in at the time of signing, and in this he is corroborated by the witness Campbell. Upon this condition of the record as to the first cause of action, we can do nothing but allow the judgment of the court below to stand. There was sufficient competent evidence to support the verdict, and the finding on this question of fact is conclusive.

In the second cause of action the principal issue presented for our consideration is whether the plaintiff sold the land involved according to the terms of his broker's contract. The contract shows that defendant listed 320 acres of land. The purchaser procured by plaintiff entered into a contract to buy the land excepting the railroad right of way and deducting the number of acres in the same from the purchase price. This was on different terms than those expressed in the broker's contract and constituted a counter offer which defendant was not under obligation to accept. In refusing the counter offer he incurred no liability to plaintiff for commission.

"Where a broker, instead of procuring a person who is ready, able and willing to accept the terms the principal authorized him to offer at the time of his employment, procures one who makes a counter offer more or less at variance with that of his employer, the latter is at perfect liberty either to accept the proposed party upon the altered terms or to decline to do so. If he accepts, he is legally obligated to compensate the broker for the services rendered; but, if he refuses, he incurs no liability whatever, for, if he does not see fit to modify his original proposals, the broker can lay no claim to his commissions until he procures a person who is ready, able and willing to accept the exact terms of his principal." 4 R. C. L. 313, sec. 52. See, also, 9 C. J. 625; *Lunney v. Healey,* 56 Neb. 313, 44 L. R. A. 593, and note, 616.

In view of the foregoing citations of authority and

discussion, the judgment of the district court is affirmed as to the first cause of action and reversed as to the second cause of action.

AFFIRMED IN PART, AND REVERSED IN PART.