## HILL v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 24, 1923.)

No. 3141.

Signatures ⨀2—Fac simile signatures of officers on bank note genuine "signatures" in law.

Fac simile signatures of the officers of a Federal Reserve Bank on a circulating note issued by the bank are in law; the true and genuine "signatures" of those officers.

[Ed. Note.—For other definitions, see Words and Phrases, First and and Second Series, Sign—Signature.]

In Error to the District Court of the United States for the Eastern District of Illinois.

Criminal prosecution by the United States against Elzey B. Hill, alias Edward G. Howe. Judgment of conviction, and defendant brings error. Affirmed.

Chester H. Krum, of St. Louis, Mo., for plaintiff in error.
L. V. Walcott, of East St. Louis, for the United States.

Before BAKER and PAGE, Circuit Judges, and WILKERSON, District Judge.

PAGE, Circuit Judge. On a former writ of error this court reversed a conviction of plaintiff in error under counts 4 and 5 of an indictment (Hill, etc., v. U. S., 275 Fed. 187); count 4 there involved being the same count 4 under which plaintiff in error, here called defendant, was again convicted in 1921. That conviction is here for review.

The count charges that defendant did feloniously, etc., publish, utter, and pass as true a spurious circulating bank note. The first objection raised is that the count does not sufficiently set out nor describe the $1 note said to have been altered. We are of opinion that that point is fully covered in our former decision, supra. A reference to count 4 shows that the alleged altered note is photographically reproduced. Obviously the note as originally made could not have been reproduced, so that the only way to set it out was by description, which was sufficiently done by saying it was "a certain Federal Reserve Bank note, which had been issued by the Federal Reserve Bank of St. Louis, Mo., a banking association organized under the laws of the United States, in the denomination of and constituting a contract of said Federal Reserve Bank of St. Louis, Mo., to pay to the bearer on demand the sum of one dollar, but which had been falsely altered so that the bank note purported to be" the note photographed into the count. The gist of the charge is that defendant knowingly passed the false note. The allegations put defendant in possession of all necessary facts, and are sufficient.

It is urged that the evidence does not show that the note was the note of the St. Louis bank, nor that the signatures thereon were the genuine signatures of the president and cashier. It was shown that

the note in question was originally issued as a $1 note by the Federal Reserve Bank of St. Louis, and that it bore the correct fac simile signatures of the governor and cashier of the bank. In an early case, Zacharie et al. v. Franklin, 37 U. S. (12 Pet.) 151, 9 L. Ed. 1035, the United States Supreme Court had before it a case arising under a Louisiana statute requiring that "all sales of immovable property or slaves shall be made by authentic act or under private signature." The court said:

"Signature is indeed required; but the question is, what is a signature? If this question were necessarily to be decided by the principles of law, as settled in the courts of England and the United States, there would be no doubt of the truth of the legal proposition that making a mark is signing, even in the attestation of a last will and testament."

The Century Dictionary defines "signature" to be:

"The name of a person, or something used as representing his name, affixed or appended to a writing or the like, either by himself or by deputy."

See, also, Bouvier's Law Dictionary, 3071.

The fac simile signatures of the officers of the bank were upon the note when it was put out by the bank, and there can be no question but that, in law, they are the true and genuine signatures of those officers.

Judgment affirmed.