WILLIS O. MAHONEY ET AL. *vs.* FRANCIS J. AYOOB ET ALS.

Aroostook.    Opinion June 27, 1924.

*An official certificate must be signed by the officer himself in his own hand, or by making his mark, as it is the signature which authenticates it and gives it official character.*

A capias or certificate issued by a disclosure commissioner under the provisions of R. S., Chap. 115, which requires that the same shall be issued under the hand and seal of the commissioner, is not the certificate or capias required by the statute if the commissioner impresses his name thereon with a facsimile rubber stamp.

It is true that under rules of construction, R. S., Chap. 1, Sec. 6, Par. XX., the words "in writing" and "written" include printing and other modes of making legible words, but the same rule requires that when the signature of a person is required he must write it or make his mark. This is not the general rule applicable to contracts or instruments between private persons except where a signature is required by statute. This rule is manifestly intended to reach the case of public officers required by the statute to sign official documents.

On exceptions. An action on a six months' bond, so-called, provided under R. S., Chap. 115, Sec. 49. The plaintiffs recovered judgment against one of the defendants, Francis J. Ayoob, the principal named in the bond, on which judgment execution issued and defendant was duly cited to disclose before a disclosure commissioner. The debtor was defaulted in the proceedings before the disclosure commissioner who indorsed on the execution the fact that the debtor had failed to obtain the benefit of the oath provided by statute, and also issued a capias and annexed it to the execution, which certificate and capias were signed not by the commissioner in his own hand, but with his facsimile signature by the use of a rubber stamp. A renewal or second execution was issued by the clerk of the court from which the original execution was issued, indorsed as provided by statute, on which renewal execution the debtor was arrested and gave the six months' bond in suit. The case was submitted to the presiding Justice on an agreed statement reserving exceptions, who ruled that the capias issued by the disclosure commissioner,

signed with his facsimile signature, impressed thereon with a rubber
stamp, was not a capias issued under his hand and seal under Sec. 38,
Chap. 115 of the R. S., to which ruling plaintiff excepted. Exceptions overruled.

The case is fully stated in the opinion.

*A. B. Donworth*, for plaintiff.

*Powers & Mathews*, for defendants.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, STURGIS, BARNES, JJ.

PHILBROOK, J. This is a suit upon a bond. The plaintiffs, in a
prior suit, having obtained judgment and execution thereon against
the principal named in the bond, cited him before a disclosure commissioner under the provisions of R. S., Chap. 115.

Section 38 of said Chapter provides that if, upon disclosure, "the
debtor fails to obtain the benefit of the oath provided for in Section
fifty-five, the magistrate shall, under his hand and seal, indorse a
certificate of that fact upon the execution in force at the time of
said disclosure, and a copy of said certificate shall be indorsed on every
subsequent execution issued on said judgment, or on any judgment
founded thereon, and such subsequent execution shall run against
the body of said debtor, where the original debt, exclusive of costs,
exceeds ten dollars and not otherwise. The magistrate shall also
issue a capias under his hand and seal, and annex the same to said
execution in force at the time of said disclosure, and the debtor may
be arrested and imprisoned on said capias and execution, the same
as upon executions issued in actions of tort, where the original debt,
exclusive of costs, exceeds ten dollars and not otherwise."

In the case at bar the principal named in the bond failed to obtain
the benefit of the oath and the disclosure commissioner indorsed that
fact upon the execution then in force and issued a capias which was
annexed to the same execution. Instead of writing his name he used
a rubber stamp facsimile of his signature upon both certificate and
capias. A subsequent execution, indorsed as provided by statute,
was issued by the clerk of the court from which the original execution
was issued. Upon this latter execution arrest was made. Thereupon the debtor gave the so-called six months' bond provided for
in R. S., Chap. 115, Sec. 49, and this bond became the subject of suit
in the instant case.

In the court below the case was heard by the sitting Justice, without jury, upon agreed statement which contained a provision "that the plaintiff is to prevail in this case unless one of the two following defenses prevail. First; the defendant claims that the fact that the certificate on the first execution was signed by the disclosure commissioner with a rubber stamp signature defeats the suit on the bond. Second; the defendant claims that the fact that the bond was not filed until more than six months after it was given, defeats the suit. This case to be heard by the court with the right of exceptions."

The sitting Justice ruled "that the capias issued by the disclosure commissioner, signed with his facsimile signature, impressed thereon with a rubber stamp, is not a capias issued under his hand and seal under Sec. 38, Chap. 115, R. S., 1916."

To this ruling the plaintiff took exceptions and the case is thus before us. Under the terms of the agreed statement, the ruling of the justice in the court below, and the exception thereto, the only question here relates to the use of the rubber stamp. The date of the filing of the bond is not under consideration.

As already seen, the statute requires the disclosure commissioner to indorse the certificate and issue the capias "under his hand and seal." The phrase "under his hand" in legal parlance is often used to donate handwriting or written signature. *Salazar* v. *Taylor*, 18 Col., 538; 33 Pac., Rep. 369. *Bouvier Dict. Rawle's Revision*, Volume I., Page 930. It follows that in our statute the signature of the disclosure commissioner should be handwriting or written signature. An official certificate not signed by the officer himself in his own hand is not a certificate. It is the signature which authenticates it and gives it its official character. This is settled law. *Opinion of the Justices*, 116 Maine, Page 578, and cases there cited.

It is true that under Rules of Construction, R. S., Chap. 1, Sec. 6, Par. XX., the words "in writing," and "written" include printing and other modes of making legible words, but the same rule requires that when the signature of a person is required he must write it or make his mark. Commenting in *Chapman* v. *Limerick*, 56 Maine, 390, our court has said "this is not a general rule, applicable to contracts or instruments between private persons, except where a signature is required by statute. It was very manifestly intended to reach the cases of public officers required by the statute to sign official documents."

We see no error in the ruling of the sitting Justice and the mandate will accordingly be,

*Exceptions overruled.*