CITY OF PORTLAND *vs.* HARRY L. SIVOVLOS.

Cumberland.    Opinion, August 13, 1938.

*W. Mayo Payson,*
*George W. Weeks,* for complainant.
*Joseph E. F. Connolly,*
*Jacob Agger,* for respondent.

SITTING : DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    This equity case is presented on report. The pleadings, on the one side and the other, and the whole evidence offered and received below, force and effect restricted to such as this Court may find legally admissible, are reported, in expectation of a final decision of the cause. But, for reasons to be stated, the report is being discharged.

The suit is instituted to enforce provisions of a zoning ordinance, adopted originally in the year 1926. Plaintiff city seeks judgment of injunction, and the issuance of a prohibitory writ, restraining the defendant, allegedly a dealer at wholesale, or a jobber, in ale, beer and carbonated beverages, from using an existing, nonconforming building, in a limited business zone, for purposes of storage, sale or distribution of those commercial potables.

Defendant tacitly concedes that zoning regulations, deriving vitality from enabling statutes, and having substantial relation to public health, public safety, and the general welfare, would not transcend police power. R. S., Chap. 5, Sec. 137 (P. L. 1937, Chap. 127, does not apply to this case) ; *York Harbor Village Corporation* v. *Libby,* 126 Me., 537, 140 A., 382 ; *Chapman* v. *City of Portland,* 131 Me., 242, 160 A., 913 ; *Euclid* v. *Ambler Realty Company,* 272 U. S., 365, 71 Law Ed., 303, 47 S. Ct., 114.

He assails the instant ordinance, on the ground, among other things, that it was never lawfully adopted. Amendments thereto, (in or before 1930) without, it is contended, action of equal dignity to that essential for the enactment of the ordinance itself, are not involved in the present branch of controversy.

On the enactment of the statute, relied on as authority for the ordinance, the Legislature prescribed that, in advance of making it, opportunity should be afforded for public hearing, prior notice thereof to be given by newspaper publication. R. S., *supra,* Sec. 139.

Laying out of view, for the moment, all reference to preliminary hearing, and turning again to the statutes, it will be seen that local ordinances must, to be effective, be accepted by the voters, on major vote, at an election which shall have been duly called and sufficiently warned. The pertinent legislation, enacted first in 1925,

P. L., Chap. 209, Sec. 7, and amended in 1927, P. L., Chap. 172, Sec. 5, is now comprised in R. S., *supra*, Sec. 143.

On call of an election, it is requisite that a warrant issue. In practice, warrants are usually addressed to a constable, who is commanded to warn the voters. R. S., *supra*, Secs. 2, 6; Chap. 8, Sec. 68.

It is exacted that the constable make a return. R. S., Chap 5, (*supra*), Sec. 7.

Without a warrant, an election would not be a legal one. *Bucksport* v. *Spofford*, 12 Me., 487. A return, too, is indispensable. Without a return, under the official signature of a constable — his sign-manual — the only competent evidence upon the question of calling the meeting would be lacking. *State* v. *Williams*, 25 Me., 561; *Chapman* v. *Limerick*, 56 Me., 390; *Auburn* v. *Water Power Company*, 90 Me., 71, 78, 37 A., 335, and cases there collected. It is the signature of the officer which authenticates a return and endows it with controlling character. *Bass* v. *Dumas*, 114 Me., 50, 95 A., 286; *Mahoney* v. *Ayoob*, 124 Me., 20, 125 A., 146;

Records of the city, introduced by defendant into the record at the trial, show, relative to the calling of the election, a warrant (insisted incomplete), and a return, which the constable left unsigned.

In such connection, no more is told.

Though the record is silent on the subject of a warrant, the warrant itself might, notwithstanding it is unrecorded, be properly used, in evidence, to establish its own identity and efficacy. *Bucksport* v. *Spofford*, supra. So, too, the return. *Chapman* v. *Limerick*, supra.

In *Chapman* v. *Limerick*, supra, a decision announced in 1868, Mr. Justice Kent, in delivering the opinion of the court, says:

"This case is before us on report, and we are at liberty to give the case such direction as right and justice may require. We are not satisfied that the officer cannot now sign the return, with his own hand, in the nature of an amendment under § 8 of c. 3, R. S. We therefore discharge this report and remit the case to the Court at *nisi prius*, with liberty to either party to move any amendment of the records or papers, . . . or to

supply any defect in the records or proof, reserving the determination of the legality or effect of such matters as in other like cases."

Precedent is analogous in principle.

The present report is discharged, and the cause is remitted to the single justice, with leave to either party to move any amendment, or furnish evidence to cure defects in proof, with reservation of determinative power, as in *Chapman* v. *Limerick*, supra.

*Report discharged.*
*Cause remitted.*