## McGRADY v. MUNSEY TRUST CO.

### No. 38.

Municipal Court of Appeals for the District of Columbia.

Feb. 12, 1943.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellant.

J. Kenneth Yeatman, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a judgment for possession of real estate rendered in favor of the landlord.

The sole error claimed is the trial court's denial of a motion to dismiss the complaint. The ground of the motion was that the summons issued was void because the name of the assistant clerk of court was placed on the summons by means of a rubber stamp. Appellant's contention is based on Title 11, Section 711 of the District of Columbia Code (1940 Ed.), which provides: "In all suits in said court process shall be signed by the said clerk or assistant clerk in the name of the court."

The undisputed evidence is that the chief deputy clerk personally placed a facsimile of her signature on the summons by means of a stamp. This practice was adopted many years ago and is a matter of great convenience since more than 4,000 landlord and tenant complaints are filed in the trial court each month.

Appellant contends that the provisions of the statute are mandatory, that the signature of the clerk is jurisdictional and that without valid process the trial court had no jurisdiction to proceed. Assuming the correctness of each of those propositions the question remains whether the summons was "signed" by the deputy clerk.

Appellant has cited a number of cases holding a summons void in the absence of the clerk's signature,[1] but those cases are plainly inapplicable here. The summons in question has the signature of the clerk even though it be a rubber stamp signature. The statute does not provide the method by which the clerk shall sign the summons nor does it require, as do some statutes, that the summons be under the "hand" of the clerk,[2] nor that it be "subscribed" by the clerk, nor that the clerk's written signature appear thereon. All it requires is that the summons be signed by the clerk.

To sign means to affix a signature and a signature may be affixed in many ways. Historically, the ordinary signature was a cross-mark,[3] and while today signing is usually accomplished by writing one's name the cross-mark has not entirely disappeared. Available today also are machines and stamps for affixing signatures. The method of affixing the signature would not seem important, if the intention is that it constitute the true signature of the maker.[4]

It is generally held that one may

1 Dwight v. Merritt, C.C.S.D.N.Y., 4 F. 614; Exchange Nat. Bank v. Joseph Reid Gas Engine Co., 5 Cir., 287 F. 870; Reuss v. W. T. Rawleigh Co., 101 Colo. 356, 73 P.2d 987; Sharman v. Huot, 20 Mont. 555, 52 P. 558, 63 Am.St.Rep. 645.

2 Mahoney v. Ayoob, 124 Me. 20, 125 A. 146, 37 A.L.R. 85.

3 Zacharie v. Franklin, 12 Pet. 151, 9 L.Ed. 1035; Appeal of Knox, 131 Pa. 220, 18 A. 1021, 6 L.R.A. 353, 17 Am.St.Rep. 798.

4 Cummings v. Landes, 140 Iowa 80, 117 N.W. 22; Lamaster v. Wilkerson, 143 Ky. 226, 136 S.W. 217.

"sign" an instrument by having his name written in his presence and at his direction by another.[5] If such be the law, then how much stronger is the case of one personally affixing his own name by means of a stamp. In the absence of statutory direction as to the method of signing, we perceive no substantial difference between affixing one's name with a stamp or with a pen, when the intention is that such name constitute one's authentic signature. We hold the summons in this case was signed by the chief deputy clerk within the meaning of the statute, and we think this conclusion is supported by the authorities.[6]

Affirmed.

---

[5] Missouri Pac. Ry. Co. v. Harper Bros., 7 Cir., 201 F. 671; Lewis v. Watson, 98 Ala. 479, 13 So. 570, 22 L.R.A. 297, 39 Am.St.Rep. 82; W. J. Fell Co. v. Elswick, 194 Ky. 641, 240 S.W. 373; Sharpe v. Sharpe, 105 S.C. 459, 90 S.E. 34, 3 A. L.R. 891.

[6] Ligare v. California South R. Co., 76 Cal. 610, 18 P. 777; Hamilton v. State, 103 Ind. 96, 2 N.E. 299, 53 Am.Rep. 491; Loughren v. Bonniwell et al., 125 Iowa 518, 101 N.W. 287, 106 Am.St.Rep. 319; Tenement House Department v. Weil, 76 Misc. 273, 134 N.Y.S. 1062; Hill v. United States, 7 Cir., 288 F. 192; Costilla Estates Develop. Co. v. Mascarenas, 33 N. M. 356, 267 P. 74; Annotation, 30 A.L. R. 700, 703.