**ROBERTS v. JOHNSON et al.**

**No. 4780.**

United States Court of Appeals,
Tenth Circuit.

May 4, 1954.

Frances Hickey Schalow, Denver, Colo. (Rodger I. Houtchens, Greeley, Colo., on the brief), for appellant.

Richard E. Moss, Denver, Colo., for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This was an interpleader action brought by States Steamship Company against appellant and all the appellees to determine who of them were entitled to the proceeds of an insurance policy. Plaintiff admitted liability on the policy, paid the proceeds into court, and asked the court to adjudicate the rights of the parties therein. The trial court concluded that the defendants, Hazel Roberts, Geneva Johnson, J. A. Tweed, and Wilma Boyd were equally entitled to the proceeds and entered an appropriate judgment. Hazel Roberts has appealed. Appellant's claim is that as the designated beneficiary in the policy she is entitled to the entire proceeds thereof. The validity of her claim depends upon whether an attempted designation of beneficiary by the insured, naming her as the sole beneficiary, was a valid designation.

There are no disputed issues of facts and they may be briefly summarized as

follows: Ward M. Tweed was a seaman employee of States Steamship Company and was assigned as a crew member on its ship, S. S. Pennsylvania. The S. S. Pennsylvania embarked in January, 1952, with Tweed aboard and was lost at sea. It was presumed that all on board, including Tweed, perished.

Tweed was a member of the Marine Cook's and Steward's Union which had a labor agreement with the Steamship Company. The agreement provided that the company would pay certain benefits for loss of life, etc., of crew members, in accordance with the terms of the Second Seaman's War Risk Policy and the applicable decisions of the Maritime Emergency Board.

Under the terms of the policy a seaman had a right to designate a beneficiary on a form provided by plaintiff. The policy required that such designation be in writing and be witnessed by the shipping commissioner or a licensed officer of the vessel. On October 18, 1951, Tweed attempted to execute a designation of beneficiary on a form provided for that purpose. Such instrument was regular in all respects except that on the line to the left of the signature line in a space provided on the form for the signature of the witness to the signature of the maker of the instrument the name "M. B. Fish" is typewritten. If this was a valid signature, appellant, Hazel Roberts, is entitled to the entire proceeds of the policy. Otherwise, she and the appellees are entitled to share pro rata therein. The trial court found there was no evidence that the typewritten name "M. B. Fish" was intended to be the signature of the person, M. B. Fish. The trial court accordingly concluded that there was no valid designation of Hazel Roberts as beneficiary in the policy and entered the judgment from which this appeal is taken.

The law is settled that a printed name upon an instrument with the intention that it should be the signature of the person is valid and has the same force and effect as though the name were written in the person's own handwriting.[1] The trial court, however, found that there was no evidence that the typewritten name "M. B. Fish" was intended to be the signature of M. B. Fish. This is tantamount to a finding that there was no witness to Tweed's signature. This finding being not clearly erroneous must be approved.

Where the contract of insurance, as here, prescribes the manner in which a beneficiary or change in beneficiary may be designated, a designation or change in beneficiary ordinarily can be accomplished only in the manner provided for in the policy, with the result that an attempt to make a change in any other manner is ineffective.[2] The great weight of authority is that substantial compliance with respect to the provisions respecting change in beneficiary is sufficient.[3] This principle of law is not limited to war risk insurance. It applies equally to all classes of insurance. Where a contract of insurance gives the insured the right to designate or change a beneficiary and prescribes the manner in which it must be done, his attempt to exercise the right conferred is not defeated by circumstances beyond his control, where he has done all within his power to comply with the requirements of the contract.

It has been held that where one of the prescribed requirements is that the request for change of beneficiary be acknowledged it cannot be said that the insured has done everything possible to effect a change, if he forwarded notice for change of beneficiary without an ac-

1. Joseph Denunzio Fruit Co. v. Crane, D.C., 79 F.Supp. 117; Smith v. Greenville County, 188 S.C. 349, 199 S.E. 416; Hill v. United States, 7 Cir., 288 F. 192; Berryman v. Childs, 98 Neb. 450, 153 N. W. 486.

2. 29 Am.Jur., Insurance § 1315.

3. 29 Am.Jur., Insurance § 1324.

knowledgment.[4] Under the policy in question the insured could designate a beneficiary on a form furnished to him only by signing the application and having his signature witnessed. Under the findings of the court there was no witness to his signature. Obviously, it was within his power to have the application witnessed. Failure on his part to procure this witness constituted failure to reasonably do what was within his power to do to effect a designation of beneficiary.

■ It is further contended that the insurance company is in any event estopped to challenge the validity of the designation by failure to object thereto for five months after the ship was lost and by filing its action of interpleader and paying the money into court. The insurer could not be estopped by the defective designation of which it had no knowledge. It accepted the designation in the belief that the printed name was the signature of M. B. Fish, the witness, and challenged the validity of the designation only when it apparently ascertained that M. B. Fish had not signed it.

Such cases as Smith v. Metropolitan Life Insurance Company of New York, 222 Pa. 226, 71 A. 11, 20 L.R.A.,N.S., 928, and Rhodes v. Equitable Life Assurance Society of United States, 109 Or. 586, 220 P. 736, upon which appellant relies to establish estoppel are distinguishable upon the facts. In the Smith case the company knew that the designation of a second beneficiary was not in strict conformity with the requirement of the by-laws. With full knowledge thereof, it accepted the designation and collected premiums for seven years. Under these facts the court held that the company could not challenge the validity of the designation. The Rhodes case involved a group insurance policy, insuring railroad employees. Rule 11 of the Railroad Company, which became a part of the policy, provided that the insured might designate as beneficiary any person who was related to the insured either by blood or marriage or any person wholly or partially dependent upon him, although not a relative, and "only such a person." The policy, however, provided that if an employee designated someone not within those classes "the employing company in its discretion may approve such designation." The insured designated his ex-wife, who had obtained a divorce prior to such designation. After the death of the insured, a contest arose over the proceeds of the policy between the ex-wife and the administrator of the insured's estate. All the opinion holds is that under Rule 11 it rested within the discretion of the company whether the ex-wife might be a beneficiary; that there was nothing in the contract of insurance preventing the insurance company from waiving any right it had to object to the designation of the ex-wife and that it waived any right it had to object thereto when it paid the money into court. All the case holds is that the failure of the insurance company to raise an objection to a designated beneficiary, which it alone could raise, made her a lawful beneficiary. But here, as pointed out, we have no designated beneficiary because the attempted designation was not made in conformity with the provisions of the policy.

■ Furthermore, estoppel could not apply in this case because the acts relied upon to establish estoppel occurred after the death of the insured. The rights of the parties in the proceeds of the policy become fixed by the death of the insured and cannot be affected by any subsequent conduct of the insurer.[5]

Affirmed.

4. Security Co. of Pottstown v. Pac. Mut. Life Ins. Co., 30 Pa.Co.Ct. 401, 78 A.L.R. 982, et seq.; Berg v. Damkoehler, 112 Wis. 587, 88 N.W. 606.

5. 29 Am.Jur., Insurance, § 1324; Johnson v. New York Life Ins. Co., 56 Colo. 178, 138 P. 414, L.R.A.1916A, 868; McLaughlin v. McLaughlin, 104 Cal. 171, 37 P. 865; McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761.