THE COMMUNITY PARTNERSHIP CONSTITUTED BY ANTERO RIVERA FLECHA and ROSA PÉREZ and NORMA PINTO, Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, RAMÓN CANCIO, JUDGE, Respondent; CARIBE HILTON HOTEL ET AL., Interveners.

No. 2794. Decided February 19, 1962.

*P. J. Santiago Lavandero* for petitioners. *Rivera Zayas, Rivera Cestero & Rúa* for interveners.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

## JUDGMENT

Antero Rivera Flecha and his wife Rosa Pérez and Norma Pinto brought an action for damages against Caribe Hilton Hotel by means of a complaint filed with the clerk of the Superior Court of San Juan and signed by their attorney, Pablo J. Santiago Lavandero. The post office address and the telephone number were set forth below the signature of the attorney. The name and address of plaintiff's attorney were not stated in the summons. It also appears from the record that when the summons was served, a true copy of the complaint was delivered simultaneously to defendant.

Defendant having failed to appear to plead, entry of default was requested and obtained. After entering default, defendant filed its answer. It did not attach any motion to reopen the default entered and to admit the answer.[1] Two months later plaintiff moved to consider defendant's answer as not having been filed and to set the hearing of the case in default. The court denied the motion "on the ground that the default of codefendant Caribe Hilton Hotel was unduly entered since the summons served upon it was defective." It did not state what the defect was; however, from an examination of the summons filed of record it appears that the summons issued by the clerk complies with Rule 4(b), except

---

[1] Apparently this was due to the fact that the answer was prepared on March 7, 1960, although it was filed three days later. The motion for entry of default was filed on the 8th of the same month and the entry of the clerk bears the same date.

that the blank space for the name and address of plaintiff's attorney was not filled in. We issued a writ of certiorari to review the latter order.

The sole purpose of stating in the summons the name and address of plaintiff's attorney is to permit the defendant to serve any pleading or motion which he may intend to file. Rules 67.1 and 67.2 of the Rules of Civil Procedure of 1958. *Cf. Danzansky* v. *Zimbolist*, 105 F.2d 457 (C.C.A.D.C. 1939). In the present case it appears clearly that substantial compliance was had with the aforesaid purpose, since said information appeared clearly in the copy of the complaint which was delivered personally to defendant at the time summons was served. No prejudice was caused to defendant, since from an examination of the record it appears that the answer and other subsequent motions and writings were served upon plaintiffs' attorney precisely at the post office address appearing below his signature in the complaint. In similar situations a summons has not been quashed, *McGrady* v. *Munsey Trust Co.*, 32 A.2d 106 (1943), especially if we consider that under Rule 4.9 a summons may be amended at any time, unless it is shown that substantial prejudice would result to the party against which it was issued. See, also, MOORE, Federal Practice 916, § 4.07 (2d ed.) ; BARRON AND HOLTZOFF, Federal Practice and Procedure 290, § 174; *cf. Serrano* v. *Berdiel et al.*, 22 P.R.R. 416, 418-19 (1915).

We wish to make it clear that on November 22, 1960 defendant filed in this Court a motion which may be considered as a request for reopening of default. Although this is not the proper court for passing in the first instance upon such request, we advance that, considering all the concurring circumstances as they appear from the different writings of the parties and from the record, to grant the reopening of the default would be a proper exercise of discretion. On different occasions we have expressed the advisability that actions be heard and decided on the merits. On the other hand,

the delay in answering in this case has not resulted in material prejudice to plaintiff. *Iturriaga* v. *Fernández; Fernández, Int.*, 78 P.R.R. 29 (1955) ; *Pérez* v. *Fernández*, 72 P.R.R. 247 (1951) ; *Latoni* v. *Court of Eminent Domain*, 71 P.R.R. 385 (1950).

The order entered by the Superior Court, San Juan Part, on June 22, 1960, will be set aside and the case remanded for further proceedings not inconsistent with the foregoing.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) IGNACIO RIVERA
*General Secretary*